IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> MERLE V. VIRAY, ET AL., <br><br> Defendants. | No. C 12-01302 CRB <br><br> **ORDER REMANDING CASE** |

Defendants Merle V. Viray, et al., removed this case from state court on March 15, 2012. See dkt. 1. The case was reassigned on April 4, 2012. See dkt. 11. The Court notes that a Motion to Remand is already on file, and is calendared for June 8, 2012. See dkt. 12. However, the Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), and GRANTS the Motion to Remand.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. Gaus

1  v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).
2  Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of
3  removal in the first instance." Id. at 566. Further, a district court must remand the case to
4  state court if it appears at any time before final judgment that the district court lacks subject
5  matter jurisdiction. 28 U.S.C. § 1447(c).

6       Upon review of the state court complaint attached to the Notice of Removal, it is
7  apparent to the Court that, indeed, it does not have jurisdiction over the matter. Federal
8  question jurisdiction exists only when a federal question exists on the face of a well-pleaded
9  complaint. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).
10 The state court complaint here involves only a claim of unlawful detainer. Notice of
11 Removal Ex. A at 3. Therefore, no federal question is presented. See Wells Fargo Bank v.
12 Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); Wescom Credit Union v.
13 Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

14       Moreover, based upon the face of the well-pleaded complaint, which alleges that the
15 amount in controversy is "under $10,000," and indicates that Defendant is what is known as
16 a local defendant (residing in the State in which this action has been brought), there is also no
17 diversity jurisdiction. See Notice of Removal Ex. A at 1; 28 U.S.C. § 1441(b).

18       Finally, it appears the Notice of Removal was filed on March 15, 2012, one hundred
19 and sixty-nine days after service of the Summons and Complaint. See Request for Judicial
20 Notice Ex. 3.[1] A Notice of Removal must be filed within thirty days after receipt by the
21 defendant of the initial pleading. 28 U.S.C. § 1446(b). Failure to comply with the thirty-day
22 time limitation renders the removal procedurally defective. Emrich v. Touche Ross & Co.,
23 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

24 //
25 //

---

[1] The Court GRANTS the Notice of Removal, as the state court records are not subject to reasonable dispute. See F.R.E. § 201.

Accordingly, Plaintiff's Motion to Remand this matter to the Superior Court of the State of California, County of Contra Costa is GRANTED.

**IT IS SO ORDERED.**

Dated: April 12, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE